IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:12-CV-87-BO

| | |
|---|---|
| MICHAEL J. MORRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     O R D E R |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on April 25, 2013, at Elizabeth City, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act.

Plaintiff filed for DIB and protectively filed for SSI on April 14, 2008, alleging disability since June 30, 2006, in both applications. Plaintiff's claims were denied initially and on reconsideration. After conducting a video-hearing and considering the claim de novo, an Administrative Law Judge (ALJ) found that plaintiff was not disabled in a decision issued on August 18, 2010. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the

Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements through June 30, 2011, and that he had not engaged in any substantial gainful activity since his alleged onset date at step one, the ALJ determined that plaintiff had the following severe impairments: chronic low back pain,

2

multi-level degenerative disc disease of the lumbar spine with spinal stenosis, gout, and degenerative joint disease of both knees. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform medium work with some exertional and non-exertional limitations. At step four, the ALJ found that plaintiff could perform his past relevant work as a production machine tender or bus driver. Accordingly, the ALJ found that plaintiff was not disabled.

An RFC finding should reflect a claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The ALJ's RFC determination in this matter is not supported by substantial evidence. In discrediting plaintiff's subjective testimony regarding his pain and its limits on his physical capabilities, the ALJ inaccurately restated the medical findings in the record. For example, though the ALJ noted that there was no evidence of joint space narrowing, effusion, or bone loss in plaintiff's knees, the record demonstrates that x-rays of plaintiff's knees revealed "medial compartment joint space narrowing." Tr. 228. Further, the ALJ failed to discuss a 2009 finding that plaintiff "has marked degenerative change in the patellofemoral joint and also has bone one bone contact in the medial compartment with large periarticular osteophytes." Tr. 330. In regard to plaintiff's back, the ALJ again inaccurately restated the medical record when he noted that plaintiff had only mild stenosis and no evidence of nerve root impingement; an MRI in March 2010 revealed moderate right neuroforaminal stenosis from L3 - S1 as well as impingement on the L3, L4, and L5 nerve roots. Tr. 327.

In light of the foregoing, the ALJ's conclusion that there is a lack of diagnostic data to

3

corroborate plaintiff's allegations is not supported by substantial evidence. Additionally, the correctly stated medical records discussed above support the opinion of Dr. Gebrail, a consultative examiner, who opined that "it would be difficult for [plaintiff] to obtain a job that require [sic] significant physical activities such as lifting, bending, crouching, pulling, and excessive walking or climbing stairs . . . ." Tr. 217. The ALJ failed, however, to address this opinion in his decision. *See* SSR 96-8p.

Substantial evidence also does not support the ALJ's conclusion that, because plaintiff testified that he coaches adult softball (by sitting on the sidelines and giving verbal instructions) and helps his mother with some light household chores, he is capable of performing medium work. Medium work requires the ability to lift fifty pounds at a time and frequently carry up to twenty-five pounds. 20 C.F.R. § 404.1567. Even if the ALJ correctly found plaintiff's statements concerning the frequency and intensity of his pain not entirely credible or somewhat inconsistent with his daily activities, the medical evidence in the record does not support a finding that plaintiff, with his documented history of back and knee problems, could lift fifty pounds occasionally, twenty-five pounds frequently, and do a great deal of walking or standing for eight hours a day, five days a week.

Because the ALJ's RFC finding that plaintiff could perform medium work with some limitations is not supported by substantial evidence, a remand of this matter is appropriate so that the medical record supporting plaintiff's allegations of limitations may be fully considered and an appropriate RFC applied. Morever, because it appears that a finding of disabled would have been directed by the medical-vocational guidelines (grids) if plaintiff had been limited to light or sedentary work, *see* 20 C.F.R. Part 404, Subpt. P, App. II, on remand the ALJ must specifically consider whether plaintiff should more appropriately be limited to less than medium work with some

4

limitations.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 23] is GRANTED and defendant's motion for judgment on the pleadings [DE 25] is DENIED. This matter is hereby REMANDED to the Acting Commissioner for further consideration consistent with the foregoing.

SO ORDERED, this __19__ day of June, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5